01
02
03
04
05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  DANIEL J. AUDETT,                    )  CASE NO. C07-1905-JCC
                                         )
09        Petitioner,                    )
                                         )
10        v.                             )  REPORT AND RECOMMENDATION
                                         )
11  ROBIN WILLIAMS, Sec. Dept. of        )
    Social and Health Services,          )
12                                       )
          Respondent.                    )
13  _____ )

14              INTRODUCTION AND SUMMARY CONCLUSION

15        Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt.

16  5.) He seeks to challenge his September 4, 2003 civil commitment as a sexually violent predator.

17        By Order dated December 6, 2007, the Court outlined a number of deficiencies in

18  petitioner's habeas petition and directed him to submit an amended petition within thirty days.

19  (Dkt. 6.) To date, the Court has not received an amended petition from petitioner. Accordingly,

20  for the reasons described below, the Court recommends dismissal of petitioner's habeas petition.

21        First, petitioner names Robin Williams, Secretary of the Department of Social and Health

22  Services, as respondent. However, a petitioner for habeas corpus relief must name the state

REPORT AND RECOMMENDATION
PAGE -1

officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Petitioner's failure to name his custodian deprives this Court of personal jurisdiction. *Stanley*, 21 F.3d at 360.

Second, it is not clear whether petitioner raises federal constitutional claims. The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). Petitioner must prove that his custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994). Here, outside of averring generally that he was denied due process of law, petitioner does not appear to raise federal constitutional claims.

Third, it does not appear that petitioner has exhausted his state remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). In this case, petitioner indicates that he pursued a direct appeal through the Washington Court of Appeals and the Washington Supreme Court, but did not file a personal restraint petition. (Dkt. 5 at 2.) From a

REPORT AND RECOMMENDATION
PAGE -2

review of the state court decisions attached to the petition, however, it does not appear that petitioner raised any federal challenges in his direct appeal. ( *Id*., Attachs. A & B.)  Instead, petitioner appears to have pursued solely issues of state law.

In failing to file an amended petition, petitioner failed to remedy the deficiencies outlined above and in the Court's previous order.  Accordingly, the Court recommends dismissal of this action without prejudice.  A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this 20th day of February, 2008.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge